UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv62043

Aliveina Sproul, individually
and on behalf of all others similarly situated,

       Plaintiff,

v.                                      **COMPLAINT – CLASS ACTION**

Pollack & Rosen P.A.,

       Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING**
**INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

**JURY DEMAND**

On behalf of the putative class, Plaintiff Aliveina Sproul ("Plaintiff"), seeks redress for the unlawful conduct of Defendant, United Collection Service, Inc. ("Defendant"), *to wit*, violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby each such letter contains identical violations § 1692g(a)(4)-(5), 1692e and 1692(e)(10) of the FDCPA.

**INTRODUCTION**

1.     The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2.      "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3.      As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to consumers in an attempt to collect a debt, and in each such letters, Defendant has failed to adequately inform consumers that in order to exercise their rights under §1692g(a)(4)-(5) such requests must be made in writing. Accordingly, Plaintiff, on behalf of the putative class, seeks statutory damages under the FDCPA.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

5.      Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within the venue.

## DEMAND FOR JURY TRIAL

7.      Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

8.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

9.      Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

10.     Defendant is a Florida corporation, with its principal place of business located in Coral Gables, Florida.

11.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

12.     At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

13.     The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

14.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5).

15.     On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

16.     On or about June 13, 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

17.     The Collection Letter was Defendant's first and/or initial communication with Plaintiff in connection with the Consumer Debt.

18.    <u>Exhibit A</u> (the Collection Letter) states in pertinent part:

Unless you, the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us, the debt collector. ***If you, the consumer, notifies us, the debt collector, within the thirty-(30) day period that the debt***, or any portion thereof, is disputed, we, the debt collector, will obtain verification of the debt or a copy of a judgment (if a judgment exists) against you, the consumer, and a copy of such verification or judgement will be mailed to you, the consumer, by us, the debt collector. ***Upon your, the consumer's request within the thirty-day period***, we, the debt collector, will provide you, the consumer, with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

19.    Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, **upon the consumer's written request** within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5) (Emphasis added).

20.     The Collection Letter fails to inform Plaintiff and members of the class that in order to invoke the provisions and protections of 15 U.S.C. §1692g(a)(4)-(5), such requests must be *in writing*.

21.     Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## CLASS ACTION ALLEGATIONS

20.     This action is brought on behalf of the following class:

> (i) all persons in the State of Florida (ii) who were sent a letter (iii) between April 23, 2017 and April 23, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant failed to disclose the "in writing" requirements of  15 U.S.C §1692g(a)(4) and/or § 1692g(a)(5).

21.     Plaintiff alleges on information and belief that the class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to members of the class attempting to collect consumer debts.

A.      *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

22.     Common questions of law and fact exist to the class and predominate over any issues involving only individual class members.

23.     With respect to the class:

(a)     The ***factual issues common*** to the class is whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

(b)     The ***principal legal issue*** of the Class is whether Defendant violated 15 U.S.C. 1692g(a)(4)-(5), 1692(e) and/or §1692e(10) by failing to inform class members that such provisions can only be invoked by a written request.

24.     Excluded from the Class is Defendant's agents and employees, Plaintiff's attorneys

and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B.     *TYPICALITY*

25.     Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C.     *ADEQUACY*

26.     Plaintiff is an adequate representative for the Class.

27.     Plaintiff will fairly and adequately protect the interests of the Class.

28.     Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them to not vigorously pursue this action.

D.     *PREDOMINANCE AND SUPERIORITY*

29.     Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a)     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30.     Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff requests certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

*COUNT I.*
**VIOLATIONS OF 15 U.S.C. § 1692 *et seq.***

31.     Plaintiff repeats, and re-alleges, and incorporates by reference the preceding paragraphs.

32.     Debt collectors are required in their initial communication, or within five (5) days thereof, to include a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, pursuant to 15 U.S.C. § 1692g(a)(4).

33.     Debt collectors are required in their initial communication, or within five (5) days thereof, to include a statement that, *upon the consumer's written request* within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, pursuant to 15 U.S.C. § 1692g(a)(5).

34.     Debt collectors are forbidden from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," pursuant to 15 U.S.C. § 1692e.

35.     Debt collectors are forbidden from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information, pursuant to 15 U.S.C. § 1692e(10).

36.     The Collection Letter was Defendant's initial communication to Plaintiff.

37.     The Collection Letter did not inform Plaintiff or members of the proposed class of their obligation to provide a written request to invoke their rights under 15 U.S.C. §1692g(a)(4)-(5).

38.     Failing to inform consumers of information that the law *requires* debt collectors such as defendant to disclose is a false, deceptive and or misleading representation or means in connection with the collection of the Consumer Debt.

39.     Therefore, Defendants violated 15 U.S.C. § 1692g(a)(4), 1692g(a)(5), 1692e and 1692e(10).

WHEREFORE, Plaintiff, individually and on behalf of the Class, request that the Court enter an order certifying the described Class and judgment in favor of Plaintiff and Class and against Defendant for:

(1)     Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2)     Punitive damages;

(3)     Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(4)     Such other or further relief as the Court deems proper.

DATED: August 28, 2018

Respectfully Submitted,

 /s/ Jibrael S. Hindi                                        .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S.
HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:          855-529-9540

*COUNSEL FOR PLAINTIFF*